■ In the Matter of AFFILIATE ARTISTS, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 6, 1986, which assessed contributions against the employer for the audit period from January 1, 1981 through December 31, 1983.

Affiliate Artists, Inc. (AAI), a nonprofit organization, devised and operates a program serving the dual purpose of exposing local communities throughout the country to the performing arts, such as music, the theatre and dance, and providing a forum for aspiring lesser-known professional performing artists to develop and display their talents. The means and format for accomplishing these goals are as follows. AAI solicits and obtains local corporate financial underwriting to sponsor a one- or two-week period of "residency" for artistic performances in the community. It also solicits and obtains a local cultural, educational or religious institution to actually organize and administer the presentation of performances during the residency (the presenting organization). The presenting organization designates a person to act as residency director, who makes the necessary arrangements and scheduling with AAI and the particular performing artist in residency. AAI has developed a distinctive model for artists' presentations during a residency, consisting of one formal performance and then a series of what it calls "informances", wherein the artist appears at places such as local schools, plants or churches, and performs informally and engages in dialogue directly with the audience.

AAI supplies the talent for the foregoing residency programs. It solicits applications from artists through trade publication advertisements and notices at schools for the performing arts. Applications are then screened by panels of experts on behalf of AAI and a selected number are auditioned before another panel of experts. The experts are paid an honorarium by AAI for these services. The applicants who emerge from this process form a roster of talent to be supplied to the various presenting organizations. Each such artist normally spends only 2 to 3 weeks a year participating in the program and is free otherwise to engage in the pursuit of/his or her professional career. Once the presenting organization selects a date for the period of residency and the type of performer it desires, AAI furnishes a list of 3 or 4 artists in that field from

which the presenting organization makes its selection. AAI enters into separate contracts with the presenting organization and with the performing artist chosen on various terms and conditions for the appearance of the artist in residency and the rendition of performances.

The sole issue on this appeal is whether the Unemployment Insurance Appeal Board properly determined that the artist participants in the AAI programs were employees for unemployment insurance purposes during the period of such participation, rather than independent contractors. We have concluded that substantial evidence supports that determination. Although it is true that the places, times and specific content of performances within a period of residency were matters left to determination between the local residency director and the artist, lack of control over these kinds of details of performance of the work do not preclude the finding of an employment relationship where, as here, professional services are being rendered (see, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736; Matter of Eastern Suffolk School of Music [Roberts], 91 AD2d 1123, lv denied 60 NY2d 554).

Here, AAI selected the "customers", i.e., the local sponsoring and presenting organizations, for the artists' services; set and paid the artists' weekly remuneration for appearing and performing during residency; set and paid additional compensation if the artists required an accompanist; paid for travel expenses while at the same time requiring the artists to use AAI's travel agent for arrangements; and provided the pool of performers. Moreover, the record contains evidence from which it can directly be found or inferred that AAI exercised additional, significant measures of control over performances of the work. This included the requirement that the artists adhere to the distinctive, AAI "informances" format of artistic presentations during a residency, that AAI through its form contract with the presenting organization fixed minimum or maximum standards for the artists' lodging, the number of daily performances and number of performing days per week during a residency and, under its standard contract with the artists, placed some restriction on the artists' outside work during the residency, retained the right to terminate the contract if an artist "acts in any manner which is not conducive to the best interest of AAI", and also retained rights with respect to its noncommercial use of recordings or other reproductions of the artists' informance presentations. Additionally, AAI provided training guidelines to artists on conducting

informances and accepted complaints on artists from the presenting organizations and reviewed them with the artists.

Although there was also evidence in the record which could have supported a contrary conclusion, the foregoing amply furnished indicia of control sufficient under the case law to support the Board's finding of an employer-employee relationship *(see, Matter of Concourse Ophthalmology Assocs. [Roberts], supra; Matter of Eastern Suffolk School of Music [Roberts], supra; Matter of Schwartz [Creative Tutoring—Roberts]*, 91 AD2d 778).

Decision affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.