■ In the Matter of DOKTOR HAIR, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1986, which assessed the employer for additional unemployment insurance contributions and a fraud penalty.

The employer, a partnership, leases retail space, improved as a beauty salon, in a hotel and is required by the owner to operate the salon for the benefit of hotel patrons during a specified portion of each week, and to maintain fire, theft and liability insurance for the hairdressers working therein. Since January 1984, the employer has leased space within the establishment to four individual hairdressers. Under the terms of separate written agreements, each pays the employer as rental 50% of gross receipts, exclusive of tips, with a minimum payment of $100 per month. This arrangement was precipitated by a July 1983 determination of a Department of Labor Administrative Law Judge (hereinafter ALJ) that the hairdressers were employees whose pay was subject to unemployment insurance contributions.

An audit, performed for the period April 1, 1982 through March 31, 1985, resulted in a finding by the Commissioner of Labor that the hairdressers were employees for the entire period and the employer was assessed for additional contributions and a 50% fraud penalty. Following a hearing, an ALJ found that the hairdressers were not employees under the arrangement commencing in January 1984 and reduced the assessment and penalty to cover only the period up to Janu-

ary 1, 1984. On appeal, the Unemployment Insurance Appeal Board reversed the decision of the ALJ and sustained the initial determination of the Commissioner of Labor. The employer appeals.

The issue of whether one is an employee rather than an independent contractor is a mixed question of fact and law for the Board to resolve. Many factors are considered, but the primary one is the degree of control exercised by the employer (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, cert denied 481 US 1049). However, in situations such as the instant one, where professional work is involved and there is generally an absence of direct employer control, a slightly different rule has evolved (see, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734). It has been held that an organization which solicits or screens the services of individuals skilled in professional endeavors, agrees to pay them at an established rate and then offers their services to clients, exercises sufficient control to create an employment relationship (see, Matter of Gentile Nursing Servs. [Roberts], 65 NY2d 622; Matter of Whyte [Good Care Nursing Agency—Roberts], 132 AD2d 758, lv denied 70 NY2d 611; Matter of Affiliate Artists [Roberts], 132 AD2d 805, lv denied 70 NY2d 611; Matter of Schwartz [Creative Tutoring—Roberts], 91 AD2d 778).

Here, evidence was adduced that the employer provided the hairdressers with a place to operate, chairs, hair dryers, sinks and supplies, coffee, a telephone and insurance. Further, the employer employed a receptionist who was on the premises and assisted by answering the telephone and making appointments, greeting customers, giving them coffee and directing them to the appropriate operator, and collecting fees and cashing out at the end of the day. This evidence was more than adequate to support the Board's determination of an employer-employee relationship. There being substantial evidence to sustain the determination, the judicial inquiry is complete (see, Matter of Rivera [State Line Delivery Serv.—Roberts], supra). That the employer offered evidence to support a contrary finding is of no moment (see, Matter of Gunnip [Murphy Co.—Roberts], 108 AD2d 1007).

We cannot, however, sustain the imposition of the 50% penalty for fraud imposed pursuant to Labor Law § 570 (4), calculated for the period subsequent to January 1, 1984, because the record, as we view it, is devoid of evidence to support the requisite finding of knowledge on the employer's part that it was liable for unemployment insurance contribu-

tions after the January 1984 restructuring. The issue of whether one is an employee or an independent contractor within the purview of Labor Law article 18 is becoming increasingly troublesome, with no unanimity of opinion among the Department of Labor, commentators and the courts. The fact that an ALJ had previously decided that the employer's hairdressers were employees does not support a finding of knowledge on the employer's part that the Board would subsequently determine the written leases to be ineffectual to alter the relationship to one of landlord-tenant.

Decision modified, without costs, by reversing so much thereof as imposed the fraud penalty calculated for the period commencing January 1, 1984, and, as so modified, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.