■ In the Matter of STAT SERVICES, P. C., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 21, 1987, which assessed the employer for additional unemployment insurance contributions.

Stat Services, P. C. (hereinafter the employer) was incorporated by a number of physicians for the purpose of providing medical services in the emergency room of a hospital in a manner that would assure continuous staffing and permit collection of Medicare benefits. The employer solicited physicians, who indicated their periods of availability on a sign-up sheet and were scheduled accordingly. While on duty, the physicians were paid at a set hourly rate, whether they performed any services or not. The hospital billed patients or their health insurance carriers, received payments for services rendered and, on a biweekly basis, paid the receipts over to the employer. The employer, in turn, paid the individual physicians for the time worked by each of them.

An audit, covering the first quarter of 1983 through the first quarter of 1985, resulted in a finding that the physicians were employees. Following a hearing, an Administrative Law Judge reversed the Commissioner of Labor, determining that the physicians were independent contractors. However, the Unemployment Insurance Appeal Board sustained the initial determination that the physicians were employees and an assessment for additional unemployment insurance contributions was made. This appeal by the employer ensued.

We affirm. The issue of whether one is an employee rather than an independent contractor is a mixed question of fact and law for the Board to resolve. Many factors are considered, but the primary one is the degree of control exercised by the employer (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, cert denied 481 US 1049). However, where professional services are involved, as here, and there is an absence of direct control by the employer, a slightly different rule has evolved (see, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734). Courts have held that an organization which solicits or screens the services of individuals skilled in professional endeavors, agrees to pay them at an established rate, and then offers their services to clients exercises sufficient control to create an employment relationship (see, Matter of Gentile Nursing Servs. [Roberts], 65 NY2d 622; Matter of Whyte [Good Care Nursing Agency—Roberts], 132 AD2d 758, lv denied 70 NY2d 611; Matter of Affiliate Artists [Roberts], 132 AD2d 805, lv denied 70 NY2d 611; Matter of Schwartz [Creative Tutoring—Roberts], 91 AD2d 778).

Here, evidence was adduced that the employer fixed the hourly wage, posted a work schedule and was ultimately responsible for seeing that a physician was present at all times, required that the physicians sign in, maintained time records and received and acted upon complaints concerning the physicians' services. This evidence was adequate to support the Board's determination that the physicians were employees and not independent contractors. There being substantial evidence to sustain the determination, the judicial inquiry is complete (Matter of Rivera [State Line Delivery Serv.—Roberts], supra). The fact that the employer offered evidence which would have supported a contrary conclusion is of no moment (see, Matter of Gunnip [Murphy Co.—Roberts], 108 AD2d 1007).

Decision affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.