■ In the Matter of MARK SLOVIN, D.D.S., P. C., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Mahoney, P. J.

Mark Slovin, D.D.S., P. C. (hereinafter the corporation) is a professional corporation which operates a dental practice in the Town of Islip, Suffolk County. During the period between January 1983 and December 1985, the corporation provided the premises, all centralized services and a full support staff which it shared with three different dentists to whom it leased space. The lessee dentists received 35% of the gross billings less laboratory fees and were paid a weekly draw based on the prior six-month billing period. Actual earnings were adjusted every six months.

The corporation retained 65% of each dentist's gross billings to cover centralized services and overhead such as rent, utilities, maintenance and a complete support staff composed of a hygienist, receptionist, office manager and a sterilization person. While the corporation provided most of the tools and equipment, the other dentists paid for any specialized equipment and for their own chairside assistants. The corporation's receptionist made all appointments and patients were assigned to the corporation and the other dentists on an alternating basis. All patients were charged uniform fees which the corporation established after consultation with the other dentists. All patient billing and collection was done centrally by the corporation's office manager.

Based on these facts, the Unemployment Insurance Appeal Board reversed the decision of an Administrative Law Judge and sustained the initial determination assessing the corporation $1,297.28 as additional contributions due for the period January 1, 1983 through December 31, 1985 based on remuneration paid to dentists employed by the corporation. The Board rejected the corporation's contention that the dentists it engaged were independent contractors.

We affirm. The determinative issue of whether one is an employee rather than an independent contractor is a mixed question of fact and law for the Board to resolve *(Matter of Doktor Hair [Hartnett]*, 142 AD2d 800). Many factors are considered, but the primary one is the degree of control exercised by the employer *(see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, *cert denied* 481 US 1049). However, where, as here, professional work is involved and there is an absence of direct employer control, a slightly different rule has evolved *(see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734). It has been held that an organization, such as the corporation herein, which solicits or screens the services of individuals skilled in professional occupations, agrees to pay them at an established rate and offers their services to clients, or as herein, to patients, exercises sufficient control to create an employment relationship *(see, Matter of Gentile Nursing Servs. [Roberts]*, 65 NY2d 622; *Matter of Doktor Hair [Hartnett]*, supra; *Matter of Affiliate Artists [Roberts]*, 132 AD2d 805, *lv denied* 70 NY2d 611). Here, the corporation provided the premises, all centralized services and a full support staff. This evidence is more than adequate to support the Board's determination of an employer-employee relationship. There being substantial evidence to sustain the determination, the judicial inquiry is complete *(see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, supra).

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.