■ In the Matter of JULES V. LANE, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1988, which assessed unemployment insurance contributions against Jules V. Lane.

For approximately 28 years, Jules V. Lane has owned eight dental offices in addition to being sole shareholder of J. V. Lane, P. C., which operates eight additional dental offices in the New York City area, all of which are affiliated with a licensed accident and health insurance company specializing in dental insurance, also wholly owned by Lane. The offices

are all fully furnished and equipped and include a complete support staff, some salaried dentists and centralized services, in which all personnel are concededly employees. As the result of an audit, the Commissioner of Labor determined that several additional dentists who worked in the offices were also employees and assessed $27,278.81 as unemployment insurance contributions due on those dentists for the period January 1, 1984 through March 31, 1987. The Unemployment Insurance Appeal Board rejected Lane's contention that these dentists were independent contractors and not employees. On this appeal, Lane contends that the Board's determination is not supported by substantial evidence and is contrary to the weight of legal authority. We disagree and affirm.

The determinative issue of whether a relationship is one of employer-employee or that of independent contractor is a mixed question of fact and law for Board resolution *(Matter of Doktor Hair [Hartnett],* 142 AD2d 800, 801) and the Board's findings are conclusive if supported by substantial evidence, even if the record could support a contrary determination *(Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, 682, *cert denied* 481 US 1049). While many factors are to be considered, the primary factor is the degree of control exercised by an employer *(see, supra).* When the services are those of a professional without direct employer control, a different rule pertains *(see, Matter of Concourse Ophthalmology Assocs. [Roberts],* 60 NY2d 734; *Matter of Stat Servs. [Hartnett],* 148 AD2d 903). In such circumstances, we look to other indicia of less direct but nevertheless ultimate control in order to determine whether the relationship of employer-employee has been created.

In addition to providing fully equipped offices and support staff, the record here shows that Lane booked appointments and assigned the patients to dentists, established the charges, and did the billing and collections. On occasion, dentists treated their own personal patients and shared the fees charged with Lane. While a contract between Lane and the additional dentists averred they were independent contractors, the evidence in this record fully supports the Board's determination of an employer-employee relationship *(see, Matter of Mark Slovin D.D.S., P. C. [Hartnett],* 158 AD2d 824), even though certain other factors could support a different result *(see, Matter of Affiliate Artists [Roberts],* 132 AD2d 805, *lv denied* 70 NY2d 611; *Matter of Studio Theatre School Corp. [Roberts],* 99 AD2d 637). Having found such evidence in the record before us, our inquiry is complete and the decision

must be affirmed *(Matter of Rivera [State Line Delivery Serv.—Roberts], supra).*

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.