■ In the Matter of R. C. SHAHEEN PAINT COMPANY, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 1, 1988, which established the employer's contribution rate for 1988.

Through the unknown misfeasance of its comptroller, the employer failed to timely file its quarterly payroll report for the second quarter of 1987. This resulted in the Commissioner of Labor assessing the employer for contributions at a significantly higher rate. The employer appealed, arguing that the troubled employee concealed the misfeasance from the employer who, upon discovery thereof, promptly discharged the employee and filed the report. An Administrative Law Judge determined that although "there was no attempt by the employer to avoid payment of this tax * * * the employer is chargeable with the actions of its employee who had the responsibility for timely filing this report". The Unemployment Insurance Appeal Board affirmed the determination and this appeal followed.

We affirm. The thrust of the employer's argument on appeal begins with the assertion that, by assigning the employer a higher rate for failing to file contribution reports on time, the Board is imposing a penalty on the employer. The employer further contends that the statute pursuant to which the Commissioner imposed such "penalty" is discretionary in nature and allows the Commissioner to consider an employer's "good cause" in failing to file. We disagree.

The statute at issue is Labor Law § 581, which provides for

an experience-rating system allowing for variations in the unemployment insurance contribution rates of a qualified employer from the standard rate (see, Labor Law § 581 [2] [a]). "Each employer's rate of contribution is determined by a formula set forth in the statute, and is higher or lower depending on the ratio between his contribution to the fund and payments of benefits to his employees" (62 NY Jur, Unemployment Insurance, § 73, at 65; see, NY Unempl Ins Rep [CCH] ¶ 1120). "Only a 'qualified employer' is eligible for an experience rate" (NY Unempl Ins Rep [CCH] ¶ 1120). The Labor Law defines "qualified employer" as any employer who has, inter alia, "filed all contribution reports prescribed by the commissioner for the three payroll years preceding the computation date on or before such date" (Labor Law § 581 [1] [c]). "The rate for each employer who has not qualified * * * because of failure to file all prescribed reports by the computation date shall be [the standard rate]" (Labor Law § 581 [2] [b] [emphasis supplied]).

The statute allows the Commissioner to assess an employer's contributions at a lower than standard rate based on "(1) his own individual experience with respect to unemployment and (2) the adequacy of the state fund as a whole" (NY Unempl Ins Rep [CCH] ¶ 1120). In our view, the variable rate is a benefit for qualifying employers, the denial of which cannot be seen as a penalty inasmuch as unqualified employers are still assigned the standard rate (see, Labor Law § 581 [2] [b]). Furthermore, what constitutes a "qualified employer" is clearly set forth by the Legislature and the provisions denying the benefit of the lower rate become operational in the event an employer fails to timely file a contribution report (cf., Matter of Allegheny Airlines v New York State Dept. of Labor, 52 AD2d 281, 284). We find nothing in the clear and unambiguous language of the statute that vests discretion in the Commissioner to consider whether an employer's failure to "qualify" was knowing or willful and the employer herein has failed to persuade us otherwise. The uncontroverted facts in the record demonstrate that the employer's comptroller, while employed by the employer, failed to file the requisite report. Inasmuch as the employer failed to qualify for the lower rate, the Board's determination assessing the employer at the standard rate* is supported by substantial evidence and must be affirmed.

---

* The contribution rate of 6.4% assigned to the employer reflects a subsidiary contribution pursuant to Labor Law § 577 (2).

Decision affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.