■ In the Matter of AARON R. POLINSKY, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 1987, which assessed Aaron R. Polinsky for additional unemployment insurance contributions.

During the period in question Aaron R. Polinsky operated family dental care offices for the practice of dentistry and engaged dentists to perform dental services in such offices. He also employed a receptionist, other clerical help and dental assistants at the offices who are concededly employees. Polinsky obtained the services of the dentists he engaged through references from friends and newspaper advertisements. He would first interview them concerning each other's criteria and philosophy for treating patients in a lower middle-class area so the dentist would not have a "concept of delivering dentistry that was above the average patient in the population".

The dentists involved performed their services at Polinsky's offices using his personnel, supplies and equipment. The den-

tists would set their own fees and were paid weekly an amount equal to 35% of the charges to the patients they treated. Polinsky did all the billing and collection of fees. The staff processed all the insurance claim forms. However, if there was a problem with collecting the fee from the private-paying patient, the treating dentist was required to follow up with the patient. Payments made to the dentists were subject to the collection of the fee charged. Checks from clients were to be made payable to "Family Dental Care", the name of Polinsky's offices, or Polinsky.

The dentists carried their own malpractice insurance but they were covered by Polinsky's liability insurance and named on his malpractice policy. The dentists selected the days and hours they would be available and appointments were made through the receptionist. If they were not available for a particular day or appointment they would notify the receptionist and have the appointments rescheduled. Polinsky's offices acquired patients through advertisements and the distribution of flyers in the neighborhood. All patients were those of Polinsky. The receptionist would assign the patients to an available dentist unless the patients requested otherwise. If a dentist treated his own patient from another of Polinsky's offices, the billing would be done through "Family Dental Care" for that treatment and the treating dentist would be paid 35% of the fee.

Upon these facts the Unemployment Insurance Appeal Board found that the dentists in question were employees of Polinsky and not independent contractors. Polinsky contends on this appeal that the determination of the Board is not supported by substantial evidence.

The determination should be affirmed. "The issue of whether one is an employee rather than an independent contractor is a mixed question of fact and law for the Board to resolve" *(Matter of Doktor Hair [Hartnett],* 142 AD2d 800, 801). The degree of control exercised over the person performing the work is of primary consideration. "When the services are those of a professional without direct employer control over the work, a different rule pertains" *(Matter of Lane [Hartnett],* 160 AD2d 1060, 1061; *see, Matter of Mark Slovin, D.D.S., P. C. [Hartnett],* 158 AD2d 824, 825). Although there is evidence which could support a contrary conclusion, because the Board's determination that an employer-employee relationship exists is supported by substantial evidence our inquiry is at an end *(see, Matter of Lane [Hartnett], supra,* at 1061).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.