■ In the Matter of PEOPLE CARE, INC., et al., Appellants. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 12, 1990, which, upon reconsideration, adhered to its prior decision ruling that the employers' contributions be credited to the general account rather than their individual accounts.

The employers in this case are two related corporations which provide home health care aides. Despite a commendable reporting history, both employers filed insurance contribution reports more than 60 days after the due date for the second quarter of 1988; the lateness of the filings may be attributed to larceny and fraud committed by an employee. Because the employers' contributions to the unemployment insurance fund were untimely, the Commissioner of Labor determined that they would be credited to the general account, rather than the employers' individual accounts. The Unemployment Insurance Appeal Board agreed and reversed an Administrative Law Judge's determination which held that "it would be grossly unfair to penalize the employer for something over which it had no control". The employers appeal; we affirm.

On appeal, the crux of the employers' argument is that assigning these payments to the general fund penalizes the employer; hence the Commissioner has discretion to direct that contributions delayed through no fault of the employer can be credited to the employer's individual account. This argument is critically flawed in that this statute is not penal in nature *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 273).*

While the result reached here appears less than fair, the statute permits no other outcome. "[A]ny contributions due but not paid within sixty days of the due date prescribed by regulation of the commissioner shall, when paid, not be credited to an employer's account, but shall be credited to the general account, *unless* such payment was made prior to determination and demand by the commissioner" (Labor Law

---

* Consequently, the employers' reference to a prior determination of the Board, holding that an employer which reasonably believed that employment reports were filed was not liable for penalty assessments imposed pursuant to Labor Law former § 575 (2), is irrelevant to this controversy.

§ 581 [1] [d] [emphasis supplied]; *see also,* Labor Law § 577 [1] [a] [6] [which specifically excepts from the general account contributions made after the 60-day deadline only if they were paid before the Commissioner's demand]). There is no question here that the exception does not apply.

The exception is the only exclusion set forth, manifesting that the Legislature intended no other *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 213; *see also, Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209). Nothing in the clear and unambiguous language of the statute suggests that the Legislature invested the Commissioner with discretion to exclude belated payments made by a faultless employer *(see, Matter of Shaheen Paint Co. [Hartnett],* 162 AD2d 888). That being so, it cannot be said that the Board's interpretation, which does not take into account the reason for the payment delay, lacks a rational basis.

Decision affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.