◼ In the Matter of IRIS KIMBERG, Doing Business as HOME THERAPISTS ASSOCIATION, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Mikoll, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 1991, which assessed Iris Kimberg for additional unemployment insurance contributions.

The conclusion by the Unemployment Insurance Appeal Board that Iris Kimberg's agency exercised sufficient direction and control over the services of its therapists to establish their status as employees is supported by substantial evidence *(see, Matter of Gentile Nursing Servs. [Roberts],* 65 NY2d 622; *Matter of Nurse Care Registry [Hartnett],* 154 AD2d 804, *lv denied* 76 NY2d 701). Kimberg interviewed the therapists prior to their being hired to verify that they were licensed and that they had malpractice insurance. Although Kimberg testified that she did not exercise supervision over the therapists' work and that any problems related thereto were resolved by the patient and the therapist or by the therapist and the patient's physician, Kimberg reserved the right, in the contract of employment, to inspect, to stop work, to prescribe alterations and generally to supervise the work. After patients were referred to the agency, Kimberg would check the roster to select the therapists. The therapists could refuse assignments and work for competitors. The agency paid the therapists before being paid by the referring client. The therapists were permitted to make short-term substitutions of other therapists who worked for the agency without consultation with Kimberg.

Although there was an absence of direct control, professional services were involved and it has been determined that an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship *(see, Matter of Stat Servs. [Hartnett],* 148 AD2d 903). The fact that there may be evidence in the record to support a different conclusion is not determinative *(see, Matter of Via Otto Ristorante [Hartnett],* 158 AD2d 825). Kimberg's remain-

ing contentions have been considered and rejected as lacking in merit.

Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.