■ In the Matter of WILLIAM NELSON et al., Appellants. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [622 NYS2d 352] —Cardona, P. J. Appeal from a decision of the

Unemployment Insurance Appeal Board, filed November 17, 1992, which established the employers' unemployment insurance contribution rate for 1991.

On or about August 31, 1990 (during the third quarter of 1990) the employers hired a live-in tutor to provide at-home instruction for their learning-disabled son. The last date to file a report of unemployment insurance contributions for the third quarter of 1990 was December 31, 1990. The employers did not file until March 29, 1991. As a result of the late filing, the Commissioner of Labor determined that the employers did not "qualify" (see, Labor Law § 581 [1] [c]; *Matter of Shaheen Paint Co. [Hartnett]*, 162 AD2d 888) for a tax contribution rate based on their "experience" (see, Labor Law § 581 [2] [a]) and applied the higher standard rate (see, Labor Law § 581 [2] [b]), which resulted in the assessment of a total tax contribution rate of 5.7%* for the year 1991. The employers objected to the assessment. At a hearing before an Administrative Law Judge (hereinafter ALJ), the employers argued that they had been prevented from timely filing their third quarter report because employees of the Department of Labor failed to properly inform them how to file and to promptly send them the necessary forms. The ALJ sustained the Commissioner's initial determination. On appeal, the Unemployment Insurance Appeal Board conducted another hearing, made its own factual findings and sustained the ALJ's determination. The employers have appealed from the Board's decision.

At the Board's hearing, William Nelson, one of the employers, testified that he made three telephone calls to the Department between September 1990 and the end of December 1990. Despite Nelson's inability to remember the dates when phone calls were placed, the particular offices or phone numbers called, or the names of the employees contacted, the Board nevertheless found as follows. During the first call in September 1990, made to inquire about their responsibilities as employers, Nelson was told to contact the State Insurance Fund. In November 1990, Nelson called the Department and inquired whether he needed unemployment insurance coverage. He was told that the appropriate forms would be sent to him. In the last call made shortly before Christmas 1990, Nelson was given the address of the Department's Liability and Determination section in Albany and told to write a

---

* The standard rate is actually 5.4% but that rate is required to be increased by a subsidiary rate of 0.3% (see, Labor Law § 577 [2]; *Matter of Shaheen Paint Co. [Hartnett]*, supra, at 889, n).

letter. Because he was busy, Nelson did not correspond with that section until January 14, 1991. On January 31, 1991, the Liability and Determination section sent the correct forms and the employers filed on February 15, 1991. On March 20, 1991, the Department mailed a "determination of liability" to the employers advising them that they became liable employers as of July 1, 1990, and included the appropriate forms for reporting contributions. As previously noted, the employers filed the tax report for the third quarter of 1990, together with the report for the fourth quarter of 1990, on March 29, 1991.

In its decision, the Board credited the employers' testimony that a call was made in November 1990 to the Department to ascertain their liability for unemployment insurance contributions and that they were told that the appropriate forms would be forthcoming. Furthermore, the Board acknowledged that there was a delay in sending the appropriate forms to the employers. Unlike the attendant circumstances in the two cases cited by the dissent, the Board here did not find that the failure to file timely was due to an employee's illegal acts or misfeasance and therefore imputable to the employer, despite a lack of fault on the employer's part. We must accept the Board's factual findings of fault on the Department's part. The conclusion is that the Department was itself responsible for the employers' failure to timely file their contribution report for the third quarter of 1990 and, therefore, the employers should be treated as qualifying employers. The Board's contrary determination lacks a rational basis in the record. Accordingly, we reverse the Board's decision and remit the matter to the Board for a further determination in light of this finding.

We need not consider the employers' other contentions. Mikoll and White, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. Even assuming that the Department of Labor's failure to promptly provide the employers with unemployment insurance forms contributed to the employers' delay in filing the completed forms and, further, that such failure may as a matter of law excuse the employers' default if established to be a contributing cause thereof (but see, Matter of People Care [Hartnett], 170 AD2d 864; Matter of Shaheen Paint Co. [Hartnett], 162 AD2d 888), the record clearly establishes that the employers' own lack of diligence was a significant cause of the late filing. In that regard, the decision of the Unemployment Insurance Appeal Board properly points to the fact that the employers

were unable to provide any meaningful detail as to the nature of the inquiries they made (it appears that their primary concern was workers' compensation insurance) or the office or individuals they claimed to have contacted and the fact that, after requesting the forms, the employers stood back and did nothing for an extended period of time. As such, we conclude that there was substantial evidence to support the Board's determination. Under the circumstances, we need not address the employers' further contention that, to the extent it has been interpreted as affording the Commissioner of Labor no discretion to relieve even a faultless taxpayer of the delinquency tax rate, Labor Law § 581 (2) (b) is unconstitutional.

Peters, J., concurs. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.