■ In the Matter of ANTHONY R. IANNIELLO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [655 NYS2d 677] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 30, 1995, which assessed the employer for additional unemployment insurance contributions.

In lieu of rent, two attorneys were permitted to occupy office space owned by attorney Anthony R. Ianniello in exchange for handling a set number of residential mortgage closings a month for Ianniello's clients. Ianniello appeals from the Unemployment Insurance Appeal Board's decision finding him liable for additional unemployment insurance contributions attributable to the employment of the two attorneys.

Here, because professional services are involved, the absence of direct control by Ianniello is not dispositive of the existence of an employer-employee relationship (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734; *Matter of Troy Publ. Co. [Hudacs]*, 228 AD2d 877, 878-879, *lv denied* 89 NY2d 803). Rather, the fact that Ianniello screened the attorneys to determine their real estate closing experience, ensured that they carried malpractice insurance, paid a set rate for any additional closings performed in excess of the requisite monthly number, offered their services to his clients, prepared the closing documents and reviewed them after the closing is sufficient to support a finding that an employment relationship existed (*see, Matter of Stephen E. Feldman, P. C. [Sweeney]*, 216 AD2d 626; *Matter of Kimberg [Hudacs]*, 188 AD2d 781; *Matter of Stat Servs. [Hartnett]*, 148 AD2d 903, 904). Additionally, Ianniello provided the attorneys with office equipment with the computers being connected to his principal office, their names appeared below his firm's name on the office door and the attorneys' names were listed as "Of Counsel" on the firm's letterhead. Given the degree of affiliation between Ianniello and the attorneys, we find no basis to disturb the Board's finding that the attorneys' status as employees had been established, even though the record includes evidence that might support a contrary conclusion (*see, Matter of Bakal [Trendata, Inc.—Hudacs]*, 192 AD2d 817, 818). We find Ianniello's remaining contentions to be unpersuasive.

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.