■ In the Matter of JORDAN REHABILITATION SERVICE, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [659 NYS2d 554] —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 21, 1995, which assessed Jordan Rehabilitation Service, Inc. additional unemployment insurance contributions.

Jordan Rehabilitation Service, Inc. (hereinafter Jordan) provides medical and vocational rehabilitative services to its injured patients. Jordan hired certain registered nurses and licensed rehabilitation therapists (hereinafter the specialists) to perform these services. Following an audit conducted by the Department of Labor, Jordan was assessed additional unemployment insurance contributions for the period January 1, 1989 through December 1991 upon a finding that the specialists were employees and not independent contractors. Jordan now challenges a decision of the Unemployment Insurance Appeal Board sustaining a finding of an Administrative Law Judge that it exercised sufficient overall control of the specialists so as to establish an employer-employee relationship and, therefore, that it was liable for additional unemployment insurance contributions.

"This court will not disturb a determination identifying professional workers as employees so long as there is substantial evidence in the record demonstrating the employer's 'control over important aspects of the services performed' ", even in cases where "the workers retain control over their work product and the means of crafting it" (*Matter of Troy Publ. Co. [Hudacs]*, 228 AD2d 877, 878, *lv denied* 89 NY2d 803, quoting *Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736; *Matter of Salamanca Nursing Home [Roberts]*, 68 NY2d 901, 903 ["over-all control is sufficient to establish the employee relationship where medical work is concerned"]; *Matter of Stat Servs. [Hartnett]*, 148 AD2d 903).

Our review of the record discloses substantial evidence to support the Board's decision that Jordan exercised sufficient control over the specialists so as to establish their status as its employees. Jordan recruited, screened and maintained a roster of the specialists who were available for assignment. It provided compensation for work performed and fixed the rate thereof. Notably, Jordan maintained direct control over all

patient billing and collection activity. Although the specialists were free to reject an assignment and were permitted to hold other employment, they were prohibited from working for Jordan's direct competitors while under contract with Jordan. In our view, these facts are sufficient to establish Jordan's exercise of control over the important aspects of the services performed (*see, e.g., Matter of Ortega [Sweeney]*, 217 AD2d 725; *Matter of Kimberg [Hudacs]*, 188 AD2d 781; *Matter of Nurse Care Registry [Hartnett]*, 154 AD2d 804, *lv denied* 76 NY2d 701). Because we find that there is substantial evidence in the record to support the Board's finding of an employer-employee relationship, Jordan's argument that there exists evidence to support a contrary conclusion is unavailing (*see, Matter of Kimberg [Hudacs], supra; Matter of Polinsky [Hartnett]*, 163 AD2d 684, 685).

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.