■ In the Matter of BUILDING BLOCKS DEVELOPMENTAL PRE-SCHOOL, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [663 NYS2d 389] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 19, 1996, which, upon reconsideration, adhered to its prior decision assessing Building Blocks Developmental Pre-School, Inc. for additional unemployment insurance contributions.

Building Blocks Developmental Pre-School, Inc., a State and County-funded preschool for learning and/or physically disabled children, challenges a decision of the Unemployment Insurance Appeal Board finding it liable for unemployment insurance contributions based on remuneration paid to psychologists, speech pathologists and physical, occupational and speech therapists (hereinafter the professionals) who provided specialized services to its students on a part-time basis. Building Blocks contends that the Board erred by concluding that the professionals were employees rather than independent contractors. We conclude that substantial evidence supports the Board's decision.

The evidence reveals that Building Blocks sometimes

advertised for the positions, interviewed and selected the professionals who would be associated with its school, contracted for the professionals' services, paid them in their individual capacities and required them to attend certain meetings. The services provided by the professionals had to be coordinated with the school schedule. Additionally, other than appointments with infants, the professionals rendered their services on Building Blocks' premises utilizing its equipment and other materials, such as tests to be administered to students. Although the substance of the professionals' work was not evaluated, they were nevertheless monitored by Building Blocks' director, who often went through the building "to see how the program [was] running". Any parental concerns with the services provided were addressed mainly to Building Blocks, who would then, in turn, bring these concerns to the attention of the professionals.

Based upon these examples of overall control and taking into consideration those that went beyond the requirements imposed upon Building Blocks under the statutory and regulatory requirements in which it operated (*see*, Education Law arts 81, 89), we find substantial evidence in the record supporting the finding that an employer-employee relationship existed (*see*, *Matter of Salamanca Nursing Home [Roberts]*, 68 NY2d 901; *Matter of Ortega [Neiman—Sweeney]*, 217 AD2d 725). The absence of Building Blocks' direct control over the professionals is not dispositive of the existence of an employer-employee relationship given that the nature of these services is not generally subject to direct supervision or control by an employer (*see*, *Matter of Salamanca Nursing Home [Roberts]*, *supra*; *Matter of Holbrook Speech Servs. [Roberts]*, 116 AD2d 863). The fact that the professionals maintained separate offices and were not restricted from performing services for others is also not determinative of their employment status (*see*, *Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734). Instead, given the record as a whole, we conclude that the Board's decision must be sustained even though we find there is evidence in the record to support a contrary conclusion (*see*, *Matter of G. Fried Westbury, Inc. [Sweeney]*, 239 AD2d 677, 678).

Mikoll, Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.