■ In the Matter of the Claim of SHARON M. MARTIN, Respondent. CREST MAINSTREAM, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [686 NYS2d 208] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 15, 1997, which ruled that Crest Mainstream, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

Crest Mainstream, Inc. (hereinafter Crest), the owner of a private school, challenges a decision of the Unemployment Insurance Appeal Board finding it liable for additional unemployment insurance contributions based on remuneration paid to claimant, a teacher certified in speech pathology, and others providing similar services to Crest's students. Crest maintains that the Board erred in concluding that claimant was an employee rather than an independent contractor. In our view,

substantial evidence supports the Board's decision. It is well settled that "[t]his court will not disturb a determination identifying professional workers as employees so long as there is substantial evidence in the record demonstrating the employer's 'control over important aspects of the services performed' ", even in cases where "the workers retain control over their work product and the means of crafting it" (*Matter of Troy Publ. Co. [Hudacs]*, 228 AD2d 877, 878, *lv denied* 89 NY2d 803, quoting *Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). Here, the evidence reveals that Crest solicited claimant's services, referred its students to claimant and required her to provide services in accordance with its directives. Although claimant could schedule her own appointments, she presented herself as a representative of Crest. Claimant was further required to provide Crest with a copy of these schedules and all appropriate paperwork and vouchers so that Crest could receive reimbursement for her services from the applicable school districts. Claimant was paid on a biweekly basis regardless of whether reimbursement was received by Crest. Crest handled all appointment cancellations, and any parental concerns with the services provided were addressed mainly to Crest, which would then, in turn, bring these concerns to the attention of the speech pathologist. Crest had the authority to remove claimant from a case and claimant could not arrange a substitute if she was unavailable. Based upon these and other examples of overall control, we decline to disturb the Board's finding of an employment relationship (*see, e.g., Matter of Building Blocks Dev. Pre-School [Sweeney]*, 243 AD2d 967; *Matter of Jordan Rehabilitation Serv. [Sweeney]*, 240 AD2d 988; *Matter of Ortega [Neiman— Sweeney]*, 217 AD2d 725).

Cardona, P. J., Mercure, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.