■ In the Matter of the Claim of STEPHEN ABRAMSON, Appellant. COMMISSIONER OF LABOR, Respondent. [783 NYS2d 881]—

Rose, J. Appeal from a decision of the Unemployment Insur-

ance Appeal Board, filed November 26, 2003, which, upon reconsideration, adhered to its original decision ruling that claimant was ineligible to receive unemployment insurance benefits because he had no covered base period employment.

Claimant, an accountant, was placed by Staff Plus, Inc., a temporary unemployment agency, with Goldman Sachs, an investment brokerage firm. After being laid off by Goldman Sachs in 2002, claimant was found eligible for unemployment insurance benefits. Subsequently, however, claimant's application for additional benefits under the Temporary Extended Unemployment Compensation Act of 2002 was denied on the ground that Staff Plus was claimant's base period employer and, as such, did not qualify under the statute (see Pub L 108-11, 117 US Stat 607).* The Unemployment Insurance Appeal Board affirmed, prompting claimant's appeal.

We now reverse. It is well settled that "an organization which solicits or screens the services of individuals skilled in professional endeavors . . . exercises sufficient control to create an employment relationship" (Matter of Stat Servs. [Hartnett], 148 AD2d 903, 904 [1989]; see Matter of Faculty Tutoring Serv. [Sweeney], 244 AD2d 744 [1997]). This rule, however, presupposes that something is known about the temporary employment agency and its dealings with the claimant sufficient to establish the agency's "control over important aspects of the services performed," even where direct control is absent (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; see e.g. Matter of Freelance Advantage [Sweeney], 236 AD2d 679 [1997]; Matter of Kimberg [Hudacs], 188 AD2d 781 [1992]; Matter of Cameryn Entertainment Co. [Hartnett], 174 AD2d 859 [1991]). Short of establishing that Staff Plus referred claimant to Goldman Sachs, which then interviewed and hired him, and claimant received his paycheck from Staff Plus, the record in the instant matter is devoid of any evidence describing the type of services provided by Staff Plus, screening or otherwise, or the nature of any degree of control it may have retained over claimant while he performed services for Goldman Sachs. As the record is conspicuously lacking in this regard, we cannot say that the Board's decision establishing Staff Plus as claimant's base period employer is supported by substantial evidence (see Matter of International Student Exch. [Commissioner

---

* The Temporary Extended Unemployment Compensation Act of 2002 provides, in part, that certain employees whose base period employment relates to the provision of services to the airline industry may qualify for additional unemployment insurance benefits (see Pub L 108-11, 117 US Stat 607).

*of Labor]*, 302 AD2d 834, 835 [2003]; *Matter of HTA of N.Y. [Commissioner of Labor]*, 255 AD2d 733 [1998]). Accordingly, the Board's decision must be reversed and the matter remitted for further development of the record on this issue (*see Matter of Nelson [Sweeney]*, 212 AD2d 824, 826 [1995]). In light of our conclusion, we need not reach the Board's additional finding that claimant did not qualify for benefits under the Temporary Extended Compensation Act of 2002.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.