■ In the Matter of the Claim of SHERI H. WILNER, Respondent. PRIMARY STAGES COMPANY INC., Appellant; COMMISSIONER OF LABOR, Respondent. [8 NYS3d 491]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 10, 2013, which ruled, among other things, that Primary Stages Company Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Primary Stages Company Inc. is a not-for-profit theater company that, among other things, operates a small profes-

sional school for different types of performing artists. Claimant, a professional playwright, worked as a playwrighting instructor at the school during various time periods between 2009 and 2012. She filed a claim for unemployment insurance benefits which prompted the Department of Labor to look into the nature of the relationship between Primary Stages and claimant and other similarly situated instructors. The Department thereafter assessed Primary Stages for unemployment insurance contributions based on remuneration paid to these individuals, and Primary Stages objected. Following a hearing, an Administrative Law Judge upheld the Department's determination, finding that an employment relationship existed between Primary Stages and claimant, as well as the other similarly situated instructors. The Unemployment Insurance Appeal Board agreed and Primary Stages now appeals.

The dispositive issue is whether claimant and the other similarly situated individuals who taught at the school are employees of Primary Stages or are independent contractors. This is a factual issue for the Board to decide, and its decision will be upheld if supported by substantial evidence (*see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010]; *Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]). We note that, for purposes of our review, we consider instructors and teachers to be professionals (*see e.g. Matter of Professional Career Ctr., Inc. [Commissioner of Labor]*, 105 AD3d 1219, 1219-1220 [2013]; *Matter of Piano School of N.Y. City [Commissioner of Labor]*, 71 AD3d 1358, 1359 [2010]; *Matter of Viig [Hello World Language Ctr., Inc.—Commissioner of Labor]*, 66 AD3d 1064, 1065 [2009]; *Matter of Martin [Crest Mainstream—Commissioner of Labor]*, 259 AD2d 824, 824-825 [1999]). Accordingly, in deciding if such individuals are employees, the pertinent inquiry is "whether the purported employer retains overall control of important aspects of the services performed" (*Matter of Piano School of N.Y. City [Commissioner of Labor]*, 71 AD3d at 1359; *see Matter of LaValley [West Firm, PLLC—Commissioner of Labor]*, 120 AD3d 1498, 1499 [2014]).

Here, Primary Stages utilized an informal process in retaining claimant, as it was familiar with her through her affiliation with a writers' group and simply inquired if she was interested in teaching writing classes. Claimant responded in the affirmative and entered into a written agreement with Primary Stages under which she was paid a flat fee of $1,900 per class. Primary Stages furnished the classroom and also provided a teaching assistant. Although claimant retained the

discretion to set the course curriculum, claimant and Primary Stages worked together to establish the class schedule that Primary Stages then distributed to prospective students. Primary Stages was responsible for providing all school facilities and a teaching assistant, finding students to fill the classes and collecting their tuition. The school cancelled classes if there was low enrollment, in which case the instructor would not be paid. If claimant could not teach a class, she needed to notify Primary Stages and, if she or other instructors were unable to complete a course assignment, Primary Stages would find a replacement whose selection was often based upon the recommendation of the instructor. Furthermore, Primary Stages circulated an evaluation form to students for feedback on the instructor at the end of the course and, if the evaluation was unsatisfactory, it would not rehire that instructor. In view of the foregoing, and notwithstanding claimant's argument to the contrary and the evidence that would support such a contrary conclusion, there is substantial evidence that Primary Stages exercised overall control over important aspects of claimant's work and that of the other similarly situated instructors so as to be deemed their employer (*see Matter of Professional Career Ctr., Inc. [Commissioner of Labor]*, 105 AD3d at 1220). Therefore, we find no reason to disturb the Board's decision.

Peters, P.J., McCarthy, Rose and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.