Matter of Brown (Smallberg & Satornino DDS--Commissioner of Labor) (2023 NY Slip Op 00705)

Matter of Brown (Smallberg & Satornino DDS--Commissioner of Labor)

2023 NY Slip Op 00705

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

533734
[*1]In the Matter of the Claim of Robert Brown, Respondent. Smallberg & Satornino DDS, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Kaufman Dolowich & Voluck, LLP, Woodbury (Keith Gutstein of counsel), for appellant.
David E. Woodin, Catskill, for Robert Brown, respondent.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for Commissioner of Labor, respondent.

Garry, P.J.
Appeal from two decisions of the Unemployment Insurance Appeal Board, filed December 29, 2020, which ruled that Smallberg & Satornino DDS was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Smallberg & Satornino DDS (hereinafter S & S) is a professional limited liability company that operates a dental practice, which was purchased from claimant, a licensed dentist, in 2009. Following its purchase, S & S entered into a provider agreement with claimant in 2009 pursuant to which claimant, among other things, continued to provide dental services for S & S. In 2018, after providing dental services to S & S for approximately nine years, claimant applied for unemployment insurance benefits. The Department of Labor subsequently issued an initial determination finding that claimant was an employee of S & S for purposes of unemployment insurance benefits and that S & S was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated effective January 1, 2015. A hearing ensued, at the conclusion of which an Administrative Law Judge sustained the Department's initial determination. In two December 29, 2020 decisions, the Unemployment Insurance Appeal Board sustained the Department's initial determination assessing S & S additional contributions, effective January 1, 2015, based upon remuneration paid to claimant and all other employees similarly situated. S & S appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review" (Matter of Eisenberg [CenseoHealth LLC-Commissioner of Labor], 205 AD3d 1185, 1185 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Brown [Plannernet, Inc.-Commissioner of Labor], 195 AD3d 1329, 1330 [3d Dept 2021]). "Substantial evidence is a minimal standard that demands only such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Blomstrom [Katz-Commissioner of Labor], 200 AD3d 1232, 1233 [3d Dept 2021] [internal quotation marks and citations omitted]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). "Where, as here, the work of medical professionals is involved, the pertinent inquiry is whether the purported employer retained overall control over the work performed" (Matter of DeRoberts Plastic Surgery [Commissioner of Labor], 198 AD3d 1033, 1034 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Lawlor [ExamOne World Wide Inc.-Commissioner of Labor], 130 AD3d 1345, 1346 [3d Dept 2015]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736-737 [1983]). "Further, an organization which screens the services of professionals[*2], pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of DeRoberts Plastic Surgery [Commissioner of Labor], 198 AD3d at 1034 [internal quotation marks and citations omitted]; accord Matter of Millennium Med. Care, P.C. [Commissioner of Labor], 175 AD3d 755, 757 [3d Dept 2019]; Matter of Kliman [Genesee Region Home Care Assn., Inc.-Commissioner of Labor], 141 AD3d 1049, 1050 [3d Dept 2016]).
Although there is record evidence that supports S & S's position, including an affidavit from claimant and the provider agreement identifying claimant as an independent contractor, the record also contains evidence that claimant performed his services using an office, staff (i.e., a hygienist and receptionist) and supplies, including dental instruments, that S & S provided to him, and that claimant was required to provide his services on S & S's premises. S & S interviewed, hired and paid the staff members who assisted claimant. S & S required claimant to work at least two eight-hour days per week and required claimant to obtain consent before working additional days in each week. S & S managed the scheduling of appointments for patients that claimant would see, and, if a patient needed to reschedule an appointment, he or she would contact S & S directly. S & S also managed the direct billing of, and collections from, patients and established the fees that the patients were required to pay. Significantly, S & S handled any complaints regarding claimant's work, required claimant to correct faulty treatments when necessary and managed any billing disputes. If claimant sought to extend a professional courtesy discount to a nonfamily member patient, claimant was required to obtain written approval from S & S. S & S maintained all patient files, medical charts, records and similar documentation, and claimant could not remove such items from S & S's practice (except in the usual course of business) without written consent.
With regard to compensation, S & S established claimant's rate of compensation at 40% of collections from his patients, and claimant was paid at regular intervals. If claimant sought to take a vacation, he was generally required to provide S & S with at least 30 days' notice so that appointments would not be scheduled for him. Claimant's ability to work for other employers was limited due to a restrictive covenant that prohibited him from working within a 10-mile radius of S & S's office for a defined period of time. Notwithstanding other proof in the record that could support a contrary result, the foregoing constitutes substantial evidence supporting the conclusion that S & S retained sufficient overall control over important aspects of the work of claimant, and any others similarly situated, to be considered his employer (see Matter of Tarbell [Frankel-Hartnett], 167 AD2d 640, 641 [3d Dept 1990]; Matter of Polinsky [Hartnett], 163 AD2d 684, 685 [3d Dept 1990]; Matter of Lane [Hartnett], [*3]160 AD2d 1060, 1061 [3d Dept 1990], lv denied 76 NY2d 714 [1990]; Matter of Mark Slovin, D.D.S., P.C. [Hartnett], 158 AD2d 824, 825 [3d Dept 1990]). Therefore, we find no reason to disturb the Board's decisions. To the extent that S & S's remaining contentions are not rendered academic by our decision, they have been considered and found to be lacking in merit.
Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.