OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Petitioners, who operate a nursing home for the aged and infirm, appeal from a determination of the Unemployment Insurance Appeal Board, affirmed by the Appellate Division, that certain part-time professionals working for it, i.e., a medical director, a social services consultant and a dietician consultant, are employees for purposes of unemployment insurance. They contend that to be considered an employer for such purposes a medical facility must actually exercise control over the means and product of the part-time medical professionals’ work.
 

 Generally, control over the results produced by work and
 
 *903
 
 the means used to achieve those results determines whether an employer-employee relationship exists
 
 (Matter of 12 Cornelia St. [Ross],
 
 56 NY2d 895). However, we have recognized that medical professionals, because of their professional and ethical responsibilities, are not subject to control to the same extent or in the same manner as others
 
 (Matter of Goldstein [Roberts],
 
 61 NY2d 937). Thus, we have held that over-all control is sufficient to establish the employee relationship where medical work is concerned
 
 (Matter of Concourse Ophthalmology Assoc. [Roberts],
 
 60 NY2d 734).
 

 Notwithstanding this rule, petitioners claim that the supervision they exercise is based upon contractual language mandated by regulation, 10 NYCRR 400.4 (a) (4), reserving institutional control over the work of the medical professionals. They rely on
 
 12 Cornelia St.
 
 for the proposition that language in the employment contracts cannot serve as the sole predicate for a determination of an employer-employee relationship. This case differs from
 
 12 Cornelia St.,
 
 however, because the nursing home’s contractual language is much broader than that mandated by 10 NYCRR 400.4. The agreements provide that "[t]he Salamanca Nursing Home, Inc. retains professional and administrative responsibilities for the services rendered.” The Board’s determination rested not only on these contract provisions but also on testimony by the nursing home administrator that the facility retained the power to hire, evaluate, and discharge these medical personnel, that it set the number of hours the medical personnel worked, their rate of pay and their responsibilities, responsibilities which included developing plans of care for patients and evaluating the work of nursing home personnel.
 

 The factual determination of the Unemployment Insurance Appeal Board is binding on the courts if it is based upon substantial evidence, even if the evidence could also uphold a contrary determination
 
 (Matter of MNORX, Inc. [Ross],
 
 46 NY2d 985). Applying the standard of over-all control, the record contains substantial evidence of an employer-employee relationship
 
 (Matter of Goldstein [Roberts], supra; Matter of Concourse Ophthalmology Assoc. [Roberts], supra).
 

 Order affirmed, with costs.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
 

 On review of submissions pursuant to section 500.4 of the
 
 *904
 
 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.