■ In the Matter of SOUTH SHORE MEDICAL SERVICES, P. C., Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 1991, which assessed South Shore Medical Services, P. C. for additional unemployment insurance contributions.

South Shore Medical Services, P. C. contests the determination by the Unemployment Insurance Appeal Board that the

physicians engaged by it to perform medical services for a hospital were its employees rather than independent contractors. Given that the services of professionals were involved, an absence of control over the results produced and the means used to achieve those results is not determinative (see, Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901). Instead, over-all control is sufficient to establish the employer-employee relationship (see, supra). Here, South Shore had a contract with the hospital to provide medical diagnostic services for the hospital and medical services for hospital patients without private physicians. South Shore chose the physicians and it determined their assignments and hours of work. It billed the hospital patients using the hospital as a billing agent and it paid the physicians. If a physician acted inappropriately or failed to maintain the necessary qualifications, it was South Shore who would dismiss the physician. Under these circumstances, there was substantial evidence to support the Board's conclusion that an employer-employee relationship existed between South Shore and the physicians whose services it retained for the hospital (see, Matter of Stat Servs. [Hartnett], 148 AD2d 903). South Shore's remaining contentions have been considered and rejected as lacking in merit.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.