■ In the Matter of GARWIN INDUSTRIES, INC., Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 19, 1990, which assessed Garwin Industries, Inc. for additional unemployment insurance contributions.

Initially, we note that this is a case where professional work is involved. Thus, although generally the degree of control exercised is the primary factor in determining whether an employee relationship exists, the type of services performed herein do not lend themselves to close supervision or control (see, Matter of Cameryn Entertainment Co. [Hartnett], 174 AD2d 859; Matter of Doktor Hair [Hartnett], 142 AD2d 800). Garwin Industries, Inc. is in the business of videotaping weddings. It makes the client contact and the appointments for the services to be performed. Garwin then hires the crew

members to perform the job. Garwin's president testified that they were professionals whom he knew through his own experience videotaping other weddings. The crew consists of a camera person, a deck person and a lighting person. All three are generally chosen by Garwin, but Garwin always chose the camera person. Before they are retained, Garwin reviews tapes of their work. Garwin receives payment from the client and pays the persons who perform the services. The crew members are paid by Garwin even when a client fails to pay. If a crew member cannot complete an assignment after accepting it, Garwin, with the client's approval, obtains a replacement. The crew members identify themselves as being from Garwin. Garwin receives the videotape, reviews it and does the final editing. Under these facts, there is substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board that Garwin exercised sufficient overall control over the services performed by the crew members to establish their status as employees *(see, Matter of Doktor Hair [Hartnett], supra).* This is true even though there is evidence which might support a contrary conclusion *(see, Matter of Stein [Bravo Co.—Roberts],* 139 AD2d 861).

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.