■ In the Matter of the Claim of JOSEPH TULUMELLO, Claimant. COASTAL EMERGENCY SERVICES OF ROCHESTER, INC., Respondent; JOHN F. HUDACS, as Commissioner of Labor, Appellant. [621 NYS2d 194] —Casey, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 29, 1993, which, upon reconsideration, adhered to its prior decisions ruling that claimant was ineligible to receive unemployment insurance benefits because he was not an employee of Coastal Emergency Services of Rochester, Inc.

Citing three cases which concern the relationship between corporations that provide emergency room physicians to hospitals and the physicians who perform the work *(Matter of South Shore Med. Servs. [Hudacs],* 183 AD2d 1093; *Matter of Niagara Emergency Physicians Group [Hartnett],* 174 AD2d 911; *Matter of Stat Servs. [Hartnett],* 148 AD2d 903), the Commissioner of Labor argues that the Unemployment Insurance Appeal Board erred in concluding that claimant, a physician, was not an employee of Coastal Emergency Services of Rochester, Inc. (hereinafter Coastal), which provided emergency room physicians to several hospitals, including Millard Fillmore Hospital in Buffalo. The Commissioner misconstrues this Court's holding in each of the cited cases. We did not hold that an employer-employee relationship existed. Rather, we held only that there was substantial evidence in the particular records under review to support the findings of the Board that such a relationship existed.

Whether an employer-employee relationship exists within the meaning of the Labor Law is a question of fact to be decided by the Board on the basis of the control exercised by the alleged employer over the results produced or the means used to achieve the results, and the Board's determination of the issue, if supported by substantial evidence in the record, is beyond judicial review even though the evidence would have supported a contrary conclusion (*Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521). Our review of the record in the case at bar reveals substantial evidence to support the Board's finding that Coastal did not exercise sufficient supervision, direction or control over claimant and other physicians to establish an employer-employee relationship. That the record also contains evidence which might, as the Commissioner argues, lead to a contrary conclusion is irrelevant.

Under the doctrine of stare decisis, however, the Board's unexplained failure to conform to agency precedent is arbitrary, despite the existence of substantial evidence in the record to support the determination (*Matter of Field Delivery Serv. [Roberts]*, *supra*, at 520). If there is sufficient factual similarity between other cases and this case, the Board is required to explain why it reached a different result in this case (*supra*, at 521). Although there are factual similarities between this case and the cases cited by the Commissioner, the Board explained in its decisions that it reached a different result in this case because there were certain specified factual distinctions which the Board found critical. We reject the Commissioner's argument that the Board's failure to reach the same result as in the cited cases was arbitrary. Having found no active direction and control over claimant and other physicians by Coastal, the Board was amply justified in not considering the hospital as Coastal's agent in its daily supervision of the physicians (*cf., Matter of Nurse Care Registry [Hartnett]*, 154 AD2d 804, *lv denied* 76 NY2d 701). The Board's decisions should therefore be affirmed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the decisions are affirmed, with costs.