■ In the Matter of FREELANCE ADVANTAGE, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. In the Matter of the Claim of DAVID A. RUBIN, Respondent. FREELANCE ADVANTAGE, INC., Appellant; JOHN E.

SWEENEY, as Commissioner of Labor, Respondent. [653 NYS2d 443] —Peters, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 25, 1995, which ruled that Freelance Advantage, Inc. was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

Freelance Advantage, Inc. operates a talent referral service for graphic artists, desktop publishers and illustrators whom it refers to various clients for work. Claimant is a graphic artist who was referred through Freelance. On this appeal, Freelance challenges two decisions of the Unemployment Insurance Appeal Board finding that it was the employer of claimant and others similarly situated and, therefore, liable for additional unemployment insurance contributions.

Initially, although this case has a complicated procedural history, we reject Freelance's contention that the Board was bound by the January 3, 1995 decisions of an Administrative Law Judge finding that claimant and others similarly situated were independent contractors, not Freelance's employees. The Board has continuing jurisdiction to reopen a case upon its own motion or by application of a party (*see, Matter of Huber [Sweeney]*, 228 AD2d 841; *Matter of Levine [Sweeney]*, 212 AD2d 848). In view of the reasons given by claimant for his failure to attend the remand hearing or to timely request a new hearing, we do not find that the Board abused its discretion in reopening the case under the circumstances presented (*see, Matter of Levine [Sweeney], supra; Matter of Lesakowski [Sheehan Mem. Hosp.—Sweeney]*, 212 AD2d 917, *lv denied* 85 NY2d 809).

Turning to the merits, we find on the record before us that substantial evidence supports the Board's finding that claimant and others similarly situated were employees of Freelance. Freelance's president testified that Freelance matches the skills of certain freelance artists to the needs of various clients and refers the artists to the clients to fulfill these needs. Freelance does not train, supervise or otherwise direct the work of the artists. It does, however, extensively screen the artists by conducting a 1 to 1½-hour interview with them and requiring them to complete a 20-page questionnaire. In addition, Freelance pays the artists directly from fees paid to it by the clients and deducts a 20% commission. Moreover, while Freelance does not provide the artists with materials, equipment or a place to work, it occasionally fields complaints regarding their work.

The absence of direct control by Freelance over the work of the artists is not dispositive of the existence of an employer-

employee relationship (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734; *Matter of Troy Pub. Co. [Hudacs]*, 228 AD2d 877, 878). Rather, where professional services are involved, "it has been determined that an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (*Matter of Kimberg [Hudacs]*, 188 AD2d 781; *see, Matter of Stat Servs. [Hartnett]*, 148 AD2d 903, 904; *see also, Matter of Garwin Indus. [Hudacs]*, 188 AD2d 838). Given Freelance's involvement in the screening of the artists and the financial aspects of their assignments, we find no reason to disturb the Board's decisions finding that claimant and other artists similarly situated were Freelance's employees.

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.