■ In the Matter of the Claim of MARJORIE H. MINTZER, Respondent. SHEFT & SHEFT, Appellant; COMMISSIONER OF LABOR, Respondent. [722 NYS2d 93] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 15, 1999, which ruled that Sheft & Sheft was liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

When last before us, we remitted this matter to the Unemployment Insurance Appeal Board to, *inter alia,* obtain the testimony of claimant (256 AD2d 965). Following a subsequent hearing at which claimant, an attorney, appeared and testified, the Board adhered to its prior decision finding that the law firm in which claimant was a limited nonequity partner was liable for contributions paid to claimant and those similarly situated upon the basis that such individuals were in fact employees of the law firm. This appeal by the law firm ensued.

We find substantial evidence to support the Board's finding that claimant was an employee of the law firm. As a nonequity partner, claimant made no investments in the firm and had no financial interest in it. Claimant did not share in the profits or losses of the firm, nor did she have any right to participate in the management of the firm. Additionally, claimant was to work full time for the firm and was restricted from working outside the firm unless she received written consent from the firm's equity partners.

Claimant testified that her biweekly salary was set by the law firm's managing partner and that she did not bring in her own clients; rather, the firm assigned her cases and set her billable rate. The firm provided claimant with business cards, and claimant was expected to notify the firm when she would be absent from work. Claimant also received fringe benefits from the firm, including four weeks of annual paid vacation. Under these circumstances, we find no reason to disturb the Board's finding that the law firm exercised sufficient direction

and control over important aspects of claimant's work to render her an employee (*see, Matter of Ianniello [Sweeney]*, 238 AD2d 661; *Matter of Stephen E. Feldman, P. C. [Sweeney]*, 216 AD2d 626), notwithstanding any contrary terms of the nonequity agreement (*see, Matter of Wilde [Enesco Imports Corp.— Sweeney]*, 236 AD2d 722, 723, *lv denied* 89 NY2d 817). The law firm's remaining contentions, including its assertion that it was denied due process, have been examined and found to be lacking in merit.

Crew III, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.