■ In the Matter of the Claim Maria N. Amoroso, Respondent. Laraine T. Carmichael, Ltd., Appellant; Commissioner of Labor, Respondent. [802 NYS2d 275]—

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 2, 2004, which, inter alia, ruled that Laraine T. Carmichael, Ltd. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

In November 1998, claimant began working as a medical transcriptionist for Laraine T. Carmichael, Ltd. (hereinafter Carmichael), a business that provides transcription services to physicians. She performed such services at home on a part-time basis while she held a full-time position as a credit counselor. After her job as a credit counselor ended, she filed a claim for unemployment insurance benefits. In connection with her claim, she listed Carmichael as an employer who she worked for during the time period immediately preceding the filing of her claim. As a result, the Department of Labor assessed Carmichael for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge upheld the assessment, finding the existence of an employment relationship between Carmichael and its medical transcriptionists, and also awarded claimant unemployment insurance benefits. This decision was affirmed by the Unemployment Insurance Appeal Board and Carmichael now appeals.

It is well settled that the existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.—Commissioner of Labor]*, 16 AD3d 882, 882 [2005]). While no one factor is determinative, the employer's control over the results produced or the means used to achieve the results are pertinent considerations, with the latter being more important (*see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]; *Matter of Zelenka [Versace Profumi USA—Commissioner of Labor]*, 304 AD2d 927, 928 [2003]). Here, the record indicates that Carmichael hired claimant through running its own newspaper advertisement, arranged for her to obtain her transcription assignments from those clients to whom her skills were best suited, paid her compensation of $1.75 per page before necessarily collecting payment from a client, required her to sign a confidentiality agreement prohibiting her from independently working for any of its clients while working for Carmichael or for a year thereafter, required

claimant to retain stored files on her computer for three months after completing services for a client and provided her with reference manuals and, in emergency situations, transcription equipment to assist her in performing her duties. Although claimant dealt directly with the physicians or their office managers with respect to the manner in which the work was performed and when it was to be completed, and generally used her own equipment and supplies or those furnished by the physicians, Carmichael remained ultimately responsible for errors, scheduling problems and dissatisfied clients. Under these circumstances, we find that substantial evidence supports the Board's determination that Carmichael exercised a sufficient indicia of control to establish the existence of an employment relationship and, therefore, we find no reason to disturb the decisions (see e.g. Matter of Medical Transcription Plus [Commissioner of Labor], 302 AD2d 689 [2003]).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.