■ In the Matter of the Claim of TINA GUIDICIPIETRO, Respondent. HARITON & D'ANGELO, LLP, Appellant; COMMISSIONER OF LABOR, Respondent. [806 NYS2d 774]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 1, 2004, which, inter alia, ruled that Hariton & D'Angelo, LLP was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Hariton & D'Angelo, LLP is a law firm formed specifically for pursuing litigation claims against a diet pill manufacturer whose product posed a risk of heart valve damage to its users. The manufacturer ultimately established a nationwide class action settlement fund for those users adversely affected by the diet pills. To that end, the law firm placed newspaper advertisements seeking electrocardiographers and cardiac sonographers to travel nationwide to perform or observe echocardiograms administered to potential candidates entitled to the settlement proceeds. Claimant, a cardiac sonographer, answered the advertisement and was hired by the law firm. When the assignment came to its conclusion, claimant applied for unemployment insurance benefits on the ground that she was an employee of the law firm. The Unemployment Insurance Appeal Board ruled that claimant and those similarly situated were employees of the law firm. This appeal ensued.

It is well settled that whether an employment relationship exists is a factual issue for the Board to decide and the determina-

tion will not be disturbed if supported by substantial evidence (*see Matter of Amoroso [Laraine T. Carmichael, Ltd.—Commissioner of Labor]*, 22 AD3d 940, 941 [2005]). While the existence of an employer-employee relationship "generally turns upon the employer's control over the results of the work and the means used to achieve those results" (*Matter of Boone [Shore Rd. Community Serv.—Sweeney]*, 245 AD2d 617, 618 [1997]), where, as here, medical professionals are involved who are not subject to the same manner and extent of control, the focus turns to whether the overall control is sufficient to establish such a relationship (*see Matter of Salamatian [Lasky Mem. Med. & Dental Ctrs.—Commissioner of Labor]*, 263 AD2d 748 [1999]). Here, the record provides substantial evidence to support the Board's determination that the law firm exercised overall control over claimant and those similarly situated. The law firm provided claimant with orientation on the specific measurements needed to be taken from the cardiograms as well as three days of paid observation at a doctor's office. It then provided claimant with an appointment schedule, based upon her availability, of potential settlement candidates at various doctors' offices nationwide. Claimant was paid a per diem rate, set by the law firm based upon industry standards. In addition, the law firm arranged and paid for transportation and reimbursed meal expenses.

Once at the assigned doctor's office, claimant met with the potential settlement candidate, took a medical history, observed the echocardiogram and faxed, mailed or e-mailed a preliminary report to the law firm. Furthermore, the law firm provided claimant with a laptop computer and an echocardiogram machine. Inasmuch as substantial evidence supports the Board's decision that the law firm exercised control over the important aspects of the services performed to establish an employer-employee relationship, it will not be disturbed.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.