ExamOne World Wide Inc. is engaged in the business of providing medical information and laboratory results to insurance companies to assist them in underwriting various types of insurance. It retained individuals with phlebotomy licenses, such as claimant, to act as insurance examiners for the purpose of obtaining blood specimens, administering laboratory tests and taking medical histories from insurance applicants. After *960 claimant ceased working for ExamOne and applied for unemployment insurance benefits, the Department of Labor issued an initial determination finding that claimant was eligible to receive benefits and that ExamOne was liable for contributions based upon remuneration paid to claimant and others similarly situated. An Administrative Law Judge sustained this determination following a hearing and the Unemployment Insurance Appeal Board concurred, ruling that claimant and others similarly situated were employees of ExamOne, not independent contractors.* ExamOne now appeals.
Initially, it is well settled that the existence of an employer-employee relationship is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Cobrin [Telecom Consulting Group NE Corp. — Commissioner of Labor], 91 AD3d 992 [2012]). Where, as here, medical professionals are involved, the pertinent inquiry is whether the purported employer exercised overall control over the work performed (see Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901, 903 [1986]; Matter of Guidicipietro [Hariton & D’Angelo, LLP — Commissioner of Labor], 24 AD3d 1159, 1160 [2005]).
Here, evidence was presented that claimant responded to an advertisement for examiners posted by ExamOne on craigslist and, after completing an application detailing her qualifications and passing a background check, she was hired and signed an independent contractor agreement like that provided to all examiners. She was paid a percentage of the amount that ExamOne received from the insurance clients based upon the fee schedule for services prepared by ExamOne that was attached to the independent contractor agreement. In addition, ExamOne provided claimant and other examiners with an instruction manual and forms required by the insurance companies and a laboratory collection kit containing necessary medical supplies. Notably, representatives from ExamOne reviewed the completed forms to make sure they were in compliance with necessary requirements. Moreover, while claimant and other examiners were free to work for other employers, they could not assign work to others without ExamOne’s approval. ExamOne also found replacements for examiners who *961 canceled on short notice and fielded complaints about examiners’ performances. Furthermore, ExamOne provided claimant and the examiners with identification badges that they were to wear when conducting exams. It also paid them regardless of whether it was paid by the client.
Notwithstanding other proof in the record that could support a contrary result, the foregoing constitutes substantial evidence supporting the conclusion that ExamOne retained sufficient overall control over important aspects of the work of claimant and other similarly situated examiners to be considered their employer (see Matter of Guidicipietro [Hariton & D’Angelo, LLP — Commissioner of Labor], 24 AD3d at 1160; Matter of Skeete [Cooper Sq. Nurses Registry — Commissioner of Labor], 253 AD2d 926 [1998], lv denied 93 NY2d 802 [1999]; Matter of Boone [Shore Rd. Community Serv. — Sweeney], 245 AD2d 617, 619 [1997]). Therefore, we find no reason to disturb the Board’s decision. We have considered ExamOne’s remaining contentions and find them to be unpersuasive.
Peters, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.

 It appears that the Department of Labor issued two case numbers in the matter at hand, resulting in a combined hearing and identical decisions in each case by both the Administrative Law Judge and the Unemployment Insurance Appeal Board (see Matter of Richins [Quick Change Artistry, LLC — Commissioner of Labor], 107 AD3d 1342, 1343 n 1 [2013]).