*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                518053
_____

In the Matter of the Claim of
   MICHAELLE JEAN-PIERRE,
                    Respondent.

QUEENS PERIOPERATIVE MEDICAL
   ASSOCIATES PLLC,                        MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

Wormser, Kiely, Galef & Jacobs, New York City (Joseph E. Czerniawski of counsel), for appellant.

Francis J. Smith, Albany, for Michaelle Jean-Pierre, respondent.

Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.

_____

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 12, 2013, which ruled, among other things, that Queens Perioperative Medical Associates PLLC is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Queens Perioperative Medical Associates PLLC (hereinafter QPMA) is a professional corporation engaged in the business of referring anesthesiologists to Physician's Choice Surgicenter

(hereinafter PCSC), its sole client, to assist with staffing needs. Claimant is an anesthesiologist who was referred by QPMA and worked at PCSC for a period of time. When her assignment ended, she applied for unemployment insurance benefits. The Department of Labor issued initial determinations finding that claimant was eligible to receive benefits and that QPMA was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated. QPMA objected, contending that claimant was an independent contractor, and a hearing was held before an Administrative Law Judge (hereinafter ALJ). The ALJ found that there was an employment relationship between QPMA and claimant, as well as other similarly situated anesthesiologists, and sustained the initial determinations. The Unemployment Insurance Appeal Board upheld the ALJ's decision and QPMA now appeals.

Initially, we note that the existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Crahan [Progress Rail Servs. Corp.—Commissioner of Labor], 116 AD3d 1277, 1277-1278 [2014]). Where, as here, the work of medical professionals is involved, the relevant inquiry is whether the purported employer retained "'overall control' . . . 'over important aspects of the services performed other than results or means'" (Matter of Empire State Towing & Recovery Assn. Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010], quoting Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d at 736; see Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901, 903 [1986]).

Here, undisputed evidence was presented that, after QPMA referred claimant to PCSC, claimant set her own work schedule, performed all services at PCSC's location, used PCSC's supplies and equipment, and wore surgical scrubs bearing PCSC's logo. Claimant's per diem rate of pay of $1,000 per day was agreed to by her and a principal of QPMA, and QPMA paid her twice a month. Notably, however, QPMA did not issue claimant a W2 form, have a written contract with her, verify her credentials, retain any supervisory authority over her, provide her with performance reviews or evaluations, or maintain medical records related to

her services.  In addition, claimant paid her own malpractice insurance and licensing fees, was not reimbursed for travel expenses and was not restricted from working for others. Significantly, it was PCSC that dealt with any complaints related to claimant's services.  Although QPMA was responsible for referring another anesthesiologist if claimant was unable to perform her duties, the record as a whole does not demonstrate that QPMA retained sufficient overall control over important aspects of claimant's work to be considered claimant's employer (see Matter of Leazard [TestQuest, Inc.—Commissioner of Labor], 74 AD3d 1414, 1415-1416 [2010]; Matter of Rosen [Vidicom, Inc.—Commissioner of Labor], 73 AD3d 1352, 1353-1354 [2010], lv denied 15 NY3d 706 [2010]; compare Matter of Gentile Nursing Servs. [Roberts], 65 NY2d 622, 623-624 [1985]; Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor], 113 AD3d 959, 960 [2014]; Matter of Guidicipietro [Hariton & D'Angelo, LLP—Commissioner of Labor], 24 AD3d 1159, 1160 [2005]).  Furthermore, we cannot conclude upon the record before us that PCSC acted as QPMA's agent in its exercise of control over claimant such as to establish an employment relationship (see generally Matter of Tulumello [Coastal Emergency Servs. of Rochester, Inc.—Hudacs], 211 AD2d 852, 853 [1995]).  Although one of the principals of QPMA is the son of the principal of PCSC, there is no evidence of any legal or contractual relationship between the two entities. Accordingly, we find that the Board's decision is not supported by substantial evidence and must be reversed.

        Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur.


        ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.


                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court