*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    517901
_____

In the Matter of the Claim of
    IVY LEAGUE TUTORING
    CONNECTION, INC.,
                    Appellant.

                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

_____

        Ganz, Wolkenbreit & Siegfeld, LLP, Albany (Robert E. Ganz
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Mary
Hughes of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 13, 2013, which assessed Ivy League
Tutoring Connection, Inc. for additional unemployment insurance
contributions.

        Ivy League Tutoring Connection, Inc. is a tutoring referral
and billing service that provides in-home tutors to clients
seeking assistance with school work and test preparation.  The
individual tutors are solicited by Ivy League via postings and
advertisements on certain Internet sites.  In 2012, Ivy League
was assessed for unemployment insurance contributions on behalf
of the tutors who performed services for it beginning with the
first quarter of 2009.  Ivy League objected to this

determination, contending that its tutors were independent contractors rather than employees. Following the requested hearing, an Administrative Law Judge found that the tutors indeed were employees and, accordingly, upheld the initial assessment of unemployment insurance contributions. The Unemployment Insurance Appeal Board subsequently affirmed that decision, and Ivy League now appeals.

We affirm. This Court previously has held that "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create and employment relationship" (Matter of Lamar [Eden Tech, Inc.—Commissioner of Labor], 109 AD3d 1038, 1039 [2013] [internal quotation marks and citations omitted]; accord Matter of Cobrin [Telecom Consulting Group NE Corp.—Commissioner of Labor], 91 AD3d 992, 993 [2012]; Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor], 77 AD3d 993, 995 [2010]; Matter of Rubin [Freelance Advantage—Sweeney], 236 AD2d 679, 681 [1997]). Here, there is no question that Ivy League screened, interviewed and conducted a criminal background check with respect to prospective tutors, paid the tutors affiliated with it an agreed-upon hourly rate based upon documentation submitted by the tutors[1] and matched individual clients with the tutor that it deemed best suited for that particular client's needs. Additionally, pursuant to the terms of the written agreement governing Ivy League's relationship with each individual tutor, Ivy League restricted the tutor's solicitation of Ivy League's clients — both during the period of time encompassed by the particular contract and for three years thereafter. Under these circumstances, the Board's finding of an employer-employee relationship is supported by substantial evidence (see Matter of Lamar [Eden Tech., Inc.—Commissioner of Labor], 109 AD3d at 1039; Matter of Educaid, Inc. [Hartnett], 176 AD2d 420, 420 [1991], lv denied 79 NY2d 751 [1991]; see also Matter of Cobrin [Telecom Consulting Group NE Corp.—Commissioner

---

[1] Up until July 2012, Ivy League's tutors were required to submit "time sheets" in order to get paid; after that date, the tutors submitted "invoices" to document their provision of services to Ivy League's clients.

of Labor], 91 AD3d at 993) — notwithstanding other evidence in the record that could support a contrary conclusion.  Finally, we cannot say that the Board erred in finding that Ivy League was liable for contributions based upon wages paid as of the first quarter of 2009.  In the event that Ivy League is able to document its present contention — that it did not pay any wages prior to the third quarter of 2011 — its contributions due may be adjusted accordingly (see Labor Law §§ 517, 518, 570, 571, 576).

Peters, P.J., Rose, Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court