## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 18, 2014          517750
_____

In the Matter of AMOS E.
   MACKEY,
                    Respondent.

PROMETRIC INC.,                          MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Lahtinen, J.P., McCarthy, Lynch, Devine and Clark, JJ.

_____

        Jackson Lewis, LLP, Albany (Kristi M. Rich of counsel), for
appellant.

        Cynthia Feathers, Glens Falls, for Amos E. Mackey,
respondent.

_____

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed January 15, 2013, which ruled, among other
things, that Prometric Inc. is liable for additional unemployment
insurance contributions based on remuneration paid to claimant
and others similarly situated.

        Prometric Inc. is a provider of testing and assessment
services, and had a contract with New York to evaluate candidates
wishing to become certified nursing assistants.  Prometric
entered into consulting and service agreements with individuals
known as nurse aide evaluators (hereinafter NAEs) to proctor the
written tests and administer the practical skills examinations
given to these candidates.  NAEs were required to be registered

nurses in good standing in New York with at least two years of experience and one year of experience in long-term care. Claimant was retained by Prometric for this purpose. When he ceased working for Prometric, he applied for unemployment insurance benefits. Following extended proceedings, the Unemployment Insurance Appeal Board ruled that claimant and other similarly situated NAEs were employees of Prometric and that it is liable for additional unemployment insurance contributions based on remuneration paid to these individuals. It further ruled that claimant was entitled to receive benefits. Prometric appeals from both of these decisions.

The sole issue is whether there is an employment relationship between Prometric and claimant, and the other similarly situated NAEs. It is well settled that the existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Crahan [Progress Rail Servs. Corp.—Commissioner of Labor], 116 AD3d 1277, 1277-1278 [2014]). Significantly, where, as here, the work of medical professionals is involved, the pertinent inquiry is whether the purported employer retained overall control over the work performed (see Matter of Goddard [Summit Health, Inc. —Commissioner of Labor], 118 AD3d 1200, 1201 [2014]; Matter of Scinta [Examone World Wide Inc.—Commissioner of Labor], 113 AD3d 959, 960 [2014]; Matter of Guidicipietro [Hariton & D'Angelo, LLP—Commissioner of Labor], 24 AD3d 1159, 1160 [2005]).

Here, Prometric developed an assessment tool to be used to evaluate the skills that a test candidate needed to perform and conducted annual training sessions with claimant and other NAEs to ensure consistency in testing. Prometric interviewed individuals that it wished to retain as NAEs and reimbursed them for mileage and travel expenses. It established an hourly rate of pay for specific work activities, but other rates were sometimes negotiated depending upon the circumstances. The work of the NAEs was performed off site either at nursing homes or training facilities and the NAEs chose their work assignments from a computer-generated list. Although the NAEs had flexibility in scheduling their assignments and did not have set

hours, if an NAE was unable to show, Prometric was responsible for finding a replacement or canceling the test.  Notably, Prometric provided claimant with all testing materials and other equipment needed to evaluate the candidates, had him wear an identification badge and required him to maintain strict confidentiality.  Furthermore, Prometric had a senior nurse evaluator conduct an annual review of claimant's work who assisted him in correcting any deficiencies.  The foregoing indicates that Prometric retained sufficient overall control over the work of claimant and other similarly situated NAEs to be considered their employer (see Matter of Goddard [Summit Health Inc.–Commissioner of Labor], 118 AD3d at 1201-1202).  Accordingly, notwithstanding the written agreement labeling claimant an independent contractor (see Matter of Professional Career Ctr. [Commissioner of Labor], 105 AD3d 1219, 1220 [2013]), substantial evidence supports the Board's decisions.

Lahtinen, J.P., McCarthy, Lynch, Devine and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court