██ In the Matter of the Claim of KEVIN D. O'SHEA, Respondent. CAYUGA EMERGENCY PHYSICIANS, LLP, Appellant; COMMISSIONER OF LABOR, Respondent. [33 NYS3d 551]—

McCarthy, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 8, 2014, which ruled, among other things, that Cayuga Emergency Physicians, LLP is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Cayuga Emergency Physicians, LLP (hereinafter CEP) provides emergency physicians and other medical providers to a hospital and two convenient care centers affiliated with the hospital. Claimant was a physician provided to the hospital by CEP. The Unemployment Insurance Appeal Board determined that an employer-employee relationship existed between CEP and claimant, and that CEP was liable for contributions based on remuneration paid to claimant and others similarly situated. CEP now appeals.

We affirm. The record reflects that claimant entered into a partnership agreement with CEP. Claimant, however, made no investments in the partnership and had no rights to participate in the management of the partnership. Although the agreement provided approximately a one-twentieth of 1% share of the profits or losses of CEP to claimant, any distribution of profits or losses was within the sole discretion of CEP's managing partner, and claimant testified that he did not receive any compensation from CEP other than payment for the hours that he worked. Under these circumstances, we will not disturb the Board's decision that, despite the existence of the partnership agreement, claimant was not a partner in CEP for unemployment insurance benefits purposes (see Matter of Mintzer [Sheft & Sheft—Commissioner of Labor], 281 AD2d 734, 734-735 [2001]).

As to the Board's determination that claimant was an employee of CEP, "[t]he existence of an employer-employee relationship is a factual determination for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Lamar [Eden Tech., Inc.— Commissioner of Labor], 109 AD3d 1038, 1039 [2013]; see Matter of Klotz [Blue Perimeter, Inc.—Commissioner of Labor], 127

AD3d 1459, 1460 [2015]). In making the determination, no single factor is dispositive and where, as here, the services of a professional are involved, "the pertinent inquiry is whether the purported employer retains overall control of important aspects of the services performed" (*Matter of Wilner [Primary Stages Co. Inc.—Commissioner of Labor]*, 128 AD3d 1148, 1149 [2015], *lv dismissed* 26 NY3d 955 [2015] [internal quotation marks and citations omitted]; *see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor]*, 113 AD3d 959, 960 [2014]).

Claimant testified that he was paid a nonnegotiable hourly rate that was set by CEP. CEP prepared a monthly master schedule for all the physicians, based upon each physician's availability. Physicians were allowed to switch shifts with another CEP physician, but they were subject to a fine if they canceled a shift with less than 72 hours' notice. Claimant also testified that CEP's medical director would periodically review his patient charts to ensure he was providing appropriate care. CEP billed the patients for claimant's services and claimant was paid whether or not the patients paid CEP. Finally, pursuant to the agreement, CEP also paid for the physicians' medical malpractice insurance. Overall, substantial evidence supports the Board's decision that CEP retained sufficient control over claimant's services to establish an employment relationship (*see Matter of Lustgarten [New York Psychotherapy & Counseling Ctr.—Commissioner of Labor]*, 123 AD3d 1212, 1213 [2014]; *Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor]*, 113 AD3d at 961; *compare Matter of Tulumello [Coastal Emergency Servs. of Rochester—Hudacs]*, 211 AD2d 852, 853 [1995]). Therefore, the decision will not be disturbed. Further, we find that the arguments that CEP raised in a correspondence to this Court and then at oral argument—rather than in a brief—are not properly before us (*see generally Slezak v Stewart's Shops Corp.*, 133 AD3d 1179, 1180 [2015]). Finally, the fact that the hearing transcript was retranscribed does not give rise to a presumption that CEP was deprived due process, and CEP makes no argument that there are any inaccuracies in the transcript. CEP's remaining claims have been considered and found to be without merit.

Lahtinen, J.P., Devine, Clark and Mulvey, JJ., concur. Ordered that the decisions are affirmed, without costs.