Matter of Giampa (Quad Capital, LLC--Commissioner of Labor) (2020 NY Slip Op 01877)





Matter of Giampa (Quad Capital, LLC--Commissioner of Labor)


2020 NY Slip Op 01877


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529124

[*1]In the Matter of the Claim of Louis M. Giampa, Respondent. Quad Capital, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Schulte Roth & Zabel LLP, New York City (Scott A. Gold of counsel), for appellant.
Teresa C. Mulliken, Harpersfield, for Louis M. Giampa, respondent.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.



Egan Jr., J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 18, 2018, which ruled, among other things, that Quad Capital, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Quad Capital, LLC is a broker dealer that trades securities for its own accounts. Claimant worked as a trader for Quad Capital, was assigned a portfolio of Quad Capital's money to manage and shared in the profits generated by his trades. After leaving his position with Quad Capital, claimant filed an application for unemployment insurance benefits. Thereafter, the Unemployment Insurance Appeal Board ruled, in two decisions, that claimant worked as an employee for Quad Capital for unemployment insurance purposes and, therefore, Quad Capital is liable for additional unemployment insurance contributions on remuneration paid to claimant and all other stock traders similarly situated. Quad Capital appeals from both decisions.
We affirm. "It is well-settled that whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary decision" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks, brackets and citations omitted]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Magdylan [Munschauer-Commissioner of Labor], 172 AD3d 1832, 1833 [2019] [internal quotation marks and citations omitted]; see Matter of Cushman & Wakefield, Inc. [Commissioner of Labor], 154 AD3d 1034, 1035 [2017]).
The record establishes that claimant submitted a resume and was interviewed by a managing partner at Quad Capital. After certain criteria, such as a trading license, fingerprints and background check were completed, claimant entered into an Ordinary Member Agreement and was given a trader handbook. The record also establishes that, despite being designated by the contract as a member of the limited liability company, claimant did not make a monetary investment in the company, was paid based upon the net profit only from his portfolio, did not have any managerial duties, did not make any financial or managerial decisions and was not liable for any losses from the company — unlike managing members of Quad Capital. Further, claimant had regularly-scheduled work hours in Quad Capital's office and was required to notify his manager if he would be absent. Claimant was expected to attend morning meetings, his work was regularly reviewed and monitored by a manger and he was subject to a dress code for which a fine would be imposed if violated. A review of the record provides substantial evidence to support the Board's conclusion that claimant worked as an employee, notwithstanding other evidence in the record that could support a contrary conclusion (see generally Matter of Philip [Brody-Commissioner of Labor], 164 AD3d 992, 993 [2018]; Matter of Link [Cantor & Pecorella, Inc.-Commissioner of Labor], 153 AD3d 1061, 1063 [2017], lv dismissed 31 NY3d 946 [2018]).
Contrary to Quad Capital's contention, the Board's decisions reflect that it considered Quad Capital's assertion that claimant was a member of the limited liability company, which would exempt claimant from employee status (compare Matter of Heymann [Hudacs], 192 AD2d 861, 861 [1993]). The Board rejected that contention and, therefore, appropriately considered whether an employer-employee relationship existed. We have reviewed Quad Capital's remaining challenges to the Board's findings and find them to be unpersuasive.
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.