Matter of Grabois (A Taylored Affair, LLC--Commissioner of Labor) (2020 NY Slip Op 05265)





Matter of Grabois (A Taylored Affair, LLC--Commissioner of Labor)


2020 NY Slip Op 05265


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

529933

[*1]In the Matter of the Claim of Jacqueline Grabois, Respondent. A Taylored Affair, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Graubard Miller, New York City (C. Daniel Chill of counsel), for appellant.
Salvatore C. Adamo, Albany, for Jacqueline Grabois, respondent.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.



Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 2019, which ruled, among other things, that A Taylored Affair, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
A Taylored Affair, LLC (hereinafter ATA) is an event planning company operated by its owner Jennifer Temen, who helps coordinate events such as weddings on the day of the event. After Temen asked claimant, a close friend, if she wanted to work at ATA events, claimant began working as needed, helping to coordinate events for ATA clients from May 2017 through October 2017. Claimant either worked with Temen or by herself at the event and was paid a set rate with no benefits or contract. In February 2018, claimant filed for unemployment insurance benefits, several former employers were identified and an inquiry into claimant's work for ATA was undertaken. Following a hearing, an Administrative Law Judge (hereinafter ALJ) determined that claimant was an employee of ATA and that ATA was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. The Unemployment Insurance Appeal Board affirmed. ATA appeals.
We affirm. "It is well-settled that whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary decision" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks, brackets and citations omitted]; accord Matter of Giampa [Quad Capital, LLC-Commissioner of Labor], 181 AD3d 1129, 1129 [2020]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Magdylan [Munschauer—Commissioner of Labor], 172 AD3d 1832, 1833 [2019] [internal quotation marks and citations omitted]; accord Matter of Giampa [Quad Capital, LLC—Commissioner of Labor], 181 AD3d at 1129).
The record establishes that Temen paid claimant a set rate per event and that she would contact claimant to see if she was available for an event or put her on the schedule and await a response. Claimant would occasionally meet with Temen and ATA clients prior to the events, and claimant was compensated for the meetings. Claimant was free to decline work, in which case Temen found a substitute or claimant suggested one to her. Claimant, an actress who had other jobs, learned the event coordinator role on the job without formal training and sometimes worked her own events unrelated to ATA, although she did not have her own business. On the day of the event, claimant paid for her own meals and transportation to the event, Temen usually supplied her with a "bride kit" to help the day go smoothly and an organizational binder, and any expenses were usually paid or reimbursed later by the ATA client. Their role was to keep the event on schedule and address any problems, and either Temen or claimant collected money from the ATA client. Claimant was required to "look professional," preferably in dark clothing. Any client concerns were usually addressed by Temen, although, if claimant managed an ATA event alone, the complaints could be directed to her.
Although claimant and Temen both asserted that claimant was not supervised in her work, a review of the record provides substantial evidence to support the Board's conclusion that Temen exercised a sufficient degree of control over claimant's work for ATA's clients and that claimant was an employee, notwithstanding other evidence in the record that could support a contrary conclusion (see Matter of Magdylan [Munschauer-Commissioner of Labor], 172 AD3d at 1834; Matter of Garwin Indus. [Hudacs], 188 AD2d 838, 838-839 [1992]). That claimant and Temen considered claimant to be an independent contractor for tax purposes is not dispositive (see Matter of Magdylan [Munschauer-Commissioner of Labor], 172 AD3d at 1834).
ATA further argues that claimant's and Temen's written answers to the questionnaires should be disregarded because they were confused by the questions and their answers were coerced. Although both claimant and Temen indicated at the hearing that they had been confused regarding the significance and meaning of some of the written questions, they were given a full opportunity to correct or clarify their answers, and the findings of the Board reflect consideration of their sworn testimony. The allegation of coercion is unsupported. To the extent that ATA complains about the manner in which the hearing was conducted, the record reflects that the ALJ explained and properly maintained orderly procedure, answered questions to the extent permissible, and permitted the pro se parties to introduce evidence and argue their positions; no due process violation is apparent (see 12 NYCRR 461.4 [c]; compare Matter of Gawrys [Medical Delivery Servs.-Commissioner of Labor], 140 AD3d 1363, 1364 [2016], lv dismissed 28 NY3d 1059 [2016]).
With regard to ATA's claim that Temen was not advised of the right to counsel, this is belied by the record. The notice of hearing clearly advised of the "right to be represented at your hearing by anyone you chose" and offered assistance with procuring counsel. Temen indicated, when the ALJ asked at the outset of the hearing, that she did not have representation and, although she expressed confusion several times, at no point did she request counsel or an agent or seek an adjournment to obtain representation. Contrary to ATA's claim, the ALJ was not duty bound to "urge[]" her to do so (see 12 NYCRR 461.4 [c]; compare Matter of Odom [Commissioner of Labor], 131 AD3d 1323, 1323 [2015]; Matter of Milrad [Levine], 44 AD2d 287, 289-290 [1974]). Finally, the fact that claimant did not apply for benefits as an employee of ATA is irrelevant, as the factual determination of whether an employer-employee relationship exists is for the Board to resolve (see Matter of Philip [Brody-Commissioner of Labor], 164 AD3d 992, 993-994 [2018]). ATA's remaining contentions have been reviewed and, to the extent they are preserved for our review, found to be without merit.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.