Matter of Shankar (Trillium Trading, LLC) (2025 NY Slip Op 03233)

Matter of Shankar (Trillium Trading, LLC)

2025 NY Slip Op 03233

Decided on May 29, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 29, 2025

CV-24-0370
[*1]In the Matter of the Claim of Nalin Shankar, Respondent. Trillium Trading, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 22, 2025

Before:Garry, P.J., Clark, Pritzker, McShan and Powers, JJ.

Barton LLP, New York City (Alvan L. Bobrow of counsel), for appellant.
David E. Woodin, Catskill, for Nalin Shankar, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

Powers, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 30, 2023, which ruled that Trillium Trading, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant worked as an unlicensed trader for Trillium Trading, LLC — a proprietary trading firm that trades equities for its own accounts — from 2015 to 2019. After leaving his position with Trillium, claimant applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was an employee of Trillium for purposes of unemployment insurance benefits and that Trillium was responsible for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Trillium objected and, following hearings, an Administrative Law Judge sustained the Department's determination in two separate decisions. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed in a combined decision. Trillium appeals.
We affirm. Initially, the record reflects that claimant entered into a membership agreement with Trillium in 2016. Claimant was considered by Trillium as a "profit only" member, meaning he only participates in the profits that he generates, not the profits that the membership generates. Under the terms of the agreement, claimant made no investments in the partnership, had no rights to participate in the management of the partnership, had no voting rights and was not entitled to any compensation upon Trillium's dissolution other than any unpaid compensation owed to him for his work. Under these circumstances, we find that claimant was not a partner of Trillium for the purposes of unemployment insurance benefits (see Matter of O'Shea [Cayuga Emergency Physicians, LLP-Commissioner of Labor], 140 AD3d 1358, 1358 [3d Dept 2016]; Matter of Mintzer [Sheft & Sheft-Commissioner of Labor], 281 AD2d 734, 734 [3d Dept 2001]).
"Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Phillips [All Sys. Messenger & Trucking Corp.-Commissioner of Labor], 217 AD3d 1014, 1015 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Mena [Philips Bryant Park LLC-Commissioner of Labor], 224 AD3d 1069, 1070 [3d Dept 2024]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results" (Matter of Vega [Postmates [*2]Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020] [internal quotation marks, brackets and citations omitted]; accord Matter of Chichester [Northeast Logistics, Inc.-Commissioner of Labor], 204 AD3d 1195, 1196 [3d Dept 2022]).[FN1]
The record establishes that claimant was recruited by Trillium while he was in college. Claimant participated in a summer internship with Trillium in 2014 and was subsequently hired as a trader following graduation in 2015, at which time he was paid a straight salary. Trillium trained claimant on how to be a trader and he was required to pass certain in-house examinations. In 2016, claimant entered into the membership agreement with Trillium.[FN2] Yet, claimant testified that his actual work responsibilities and working conditions did not change after he signed the agreement. Claimant was required to work at Trillium's office and Trillium set his schedule. Trillium provided claimant with the capital to make his trades, but he was afforded latitude to choose which equities he would trade. Claimant's work was supervised by a direct supervisor, a group manager and a risk manager. If claimant's trades were considered too risky, the risk manager would reduce claimant's buying power, but claimant would not be responsible to pay for any losses that he incurred. Claimant's direct supervisor had regular meetings with him to discuss his performance, and to review his trades and strategies. Claimant would have to get permission from management if he wanted to take time off, and he was required to enter a one-year noncompete agreement. In light of the foregoing, substantial evidence supports the Board's finding of an employment relationship, despite other evidence in the record that could support a contrary conclusion (see Matter of Tassie [Koyote Capital Group LLC-Commissioner of Labor], 204 AD3d 1276, 1278 [3d Dept 2022], lv dismissed 39 NY3d 973 [2022]; Matter of Giampa [Quad Capital, LLC-Commissioner of Labor], 181 AD3d 1129, 1130 [3d Dept 2020]).
Trillium also contends that the initial determination by the Department's liability and determination section finding an employment relationship constituted de facto rulemaking by the Department in violation of the State Administrative Procedure Act (hereinafter SAPA). We disagree. A rule is defined by statute as "the whole or part of each agency statement, regulation or code of general applicability that implements or applies law" (State Administrative Procedure Act § 102 [2] [a)] [i] [emphasis added]).[FN3] In other words, "only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers constitutes a rule or regulation . . . to be filed in the office of the Department of State and published in the State Register" as required by SAPA (Matter of New York City Tr. Auth. v New York State Dept. of Labor, 88 NY2d 225, 229 [1996] [internal quotation marks and citation omitted]; [*3]see State Administrative Procedure Act § 202 [1]). The Department's initial determinations on the validity of specific claims for unemployment insurance benefits and the amount of benefits payable to a claimant by the Department (see Labor Law § 597) are not statements of general applicability requiring publication in the State Register and public hearings but, rather, are fact-based determinations required by statute that are limited in their scope to the claim in question. Accordingly, the Department's initial determinations pursuant to Labor Law § 597 do not constitute either rules under SAPA or de facto rulemaking.
Trillium's remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.
Garry, P.J., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: We disagree with Trillium's contention that the Board erred in not applying the "overall control" test, as we do not find that claimant was a "professional" to whom that test would apply (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437-438 [2010]; see Matter of Richins [Quick Change Artistry, LLC-Commissioner of Labor], 107 AD3d 1342, 1343 n 2 [3d Dept 2013]; see generally Matter of Tassie [Koyote Capital Group LLC-Commissioner of Labor], 204 AD3d 1276, 1277 [3d Dept 2022], lv dismissed 39 NY3d 973 [2022]; Matter of Giampa [Quad Capital, LLC-Commissioner of Labor], 181 AD3d 1129, 1129 [3d Dept 2020]). In any event, substantial evidence is present to support the Board's decision under either test.

Footnote 2: Trillium concedes that claimant was an employee for the time prior to him entering into the 2016 membership agreement and is only contesting the finding of an employment relationship for the time period after he signed the agreement.

Footnote 3: SAPA does not apply to the Board as it is expressly excluded from SAPA's definition of "agency" (see State Administrative Procedure Act § 102 [1]).